# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREHANA CLEMMONS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANNBERRY TRANSITIONAL CARE, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:25-cv-00662-SKO<br><br>**FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND**<br><br>(Doc. 1)<br><br>**TWENTY-ONE DAY DEADLINE**<br><br><u>Clerk to Assign District Judge</u> |

Plaintiff Trehana Clemmons is proceeding pro se and *in forma pauperis* in this action. Plaintiff filed her complaint in the Sacramento Division of this Court on June 2, 2025. (Doc. 1). The case was transferred, *sua sponte*, to the Fresno Division on June 4, 2025. (*See* Doc. 3.) The complaint purports to allege claims against Annberry Transitional Care, Dignity Health, Mercy Medical Center, Mercy San Juan Medical Center, and Kaiser Permanente under the U.S. Constitution, federal statutes, and treaties. (Doc. 1 at 1–4.) Upon review, the undersigned concludes that the allegations are frivolous and fail to state a claim and recommends dismissing Plaintiff's complaint without leave to amend.

## I.   SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. (Doc. 6.) "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal

1  fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2      A complaint is required to contain "a short and plain statement of the claim showing that the
3  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required,
4  but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
5  statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp.
6  v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted
7  as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at
8  570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id*. at
9  679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted
10 inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal
11 quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true.
12 *Iqbal*, 556 U.S. at 678.

13     Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings
14 drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se*
15 complaints should continue to be liberally construed after *Iqbal*).

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

17 The allegations in the complaint are unintelligible. They state in their entirety:

> I am subject to Alpha and Omega, the Most High God Yuhv. Defendants all violated my God inalienable rights such as Psalm 105:15 as one example. Incidents began March 1985 and have perpetually ongoing to this day. I invoke my God inalienable rights nunc pro tunc, tunc pro nunc ab initio. Ephrata!

21 (Doc. 1 at 5.) Plaintiff further alleges that the amount in controversy is "$1.8 \times 10^{13}$ in Troy Gold" and
22 that her claims arise under the U.S. Constitution, the Elder Justice Act, the "Patient Bill of Rights
23 and Responsibilities," Hippocratic Oath, Title VII of the Civil Rights Act of 1964, "1611 KJV
24 Bible," "RICO," "Peace and Friendship Treaty," "American Indian Treaties," "Dancing Rabbit
25 Treaties," "American Law," "Congressional Law," "International Law," "Due Process," "HIPAA,"
26 "EMTALA," and various sections of Titles 18 and 24 of the United States Code and the Code of
27 Federal Regulations. (*Id*. at 4–5.) As for relief sought, Plaintiff writes:

28     God open Heavens flood gates ephrata! BABYLON must fall now! Cease and

> desist influencing your false man made authority on my bloodline. Provide me certified copy of your authority over me and my ancestral DNA. Effective immediately, go try hiding under ground. Crawl on your belly indefinitely. Eat dust forever. Eternally be casted into the lake of fire. The Devil horns are broken forever. Caduceus shall be broken, never to rise up again! Yeshura Hamashiak name shalom!

(*Id.* at 6.)

### III.     ANALYSIS OF PLAINTIFF'S COMPLAINT

The complaint fails to state a claim; it does not specify how the above authorities support Plaintiff's allegations or explain how the defendants engaged in wrongful actions. A complaint must identify each of the defendant's actions that support a plaintiff's claims. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). The complaint does not, as Rule 8 requires, put any defendant on notice of the specific claims against them. For example, Plaintiff fails to articulate how the Elder Justice Act creates a cause of action against any defendant. *See Wister v. White,* No. 19-CV-05882-WHO, 2019 WL 6841370, at *3 (N.D. Cal. Dec. 16, 2019) (dismissing the plaintiff's claim under the Elder Justice Act because it does not confer a private right of action.). Plaintiff also fails to explain how the defendants violated the "Peace and Friendship Treaty." *See Bey v. Linder*, No. 2:19-cv-1745-TLN-DB (PS), 2020 WL 5110357 (E.D. Cal. Aug. 31, 2020) (noting that claims based on the violation of the Treaty of Peace and Friendship have repeatedly been found to be frivolous); *see also Ingram El v. Crail*, No. 2:18-cv-1976-MCE-EFB (PS), 2019 WL 3860192, at *3 (E.D. Cal. Aug. 16, 2019).

Apart from Plaintiff's failure to state a claim, her complaint is frivolous. A complaint will be considered frivolous, and therefore subject to dismissal under § 1915(e)(2)(B), "where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) ("At the same time that it sought to lower judicial access barriers to the indigent, however, Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"). A federal court cannot properly *sua sponte* dismiss an action commenced *in forma pauperis* if the facts alleged in the complaint are

merely "unlikely." *Denton*, 504 U.S. at 33. However, a complaint may be properly dismissed *sua sponte* if the allegations are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id*. at 32–33. If a case is classified as frivolous, "there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n. 8 (9th Cir. 2000).

Plaintiff's complaint is frivolous under this legal standard. Plaintiff does not set forth any facts. Her statement of claim and request for relief are incoherent and fanciful. Accordingly, Plaintiff's complaint should be dismissed without leave to amend. *See, e.g., Sameer v. Khera*, No. 1:17-cv-01748-DAD-EPG, 2018 WL 6338729, at *2 (E.D. Cal. Dec. 5, 2018), *appeal dismissed as frivolous*, No. 19-15011, 2019 WL 7425404 (9th Cir. Aug. 27, 2019) (dismissing the case with prejudice for lack of subject matter jurisdiction as "the only appropriate response" to "fanciful allegations" in complaint that "alleges the existence of a vast conspiracy bent on plaintiff's destruction"); *Ayres v. Obama*, Civil No. 13–00371 SOM/RLP, 2013 WL 5754953, at *2 (D. Hawai'i Oct. 22, 2013) (allegations that FBI implanted biochips in plaintiff and her family to turn them into "a living vegetable or a New World Order slave" were "so 'fantastic' and 'fanciful' as to be clearly baseless"); *Bivolarevic v. U.S. CIA*, No. C 09-4620 SBA, 2010 WL 890147, at *1–2 (N.D. Cal. Mar. 8, 2010) (court lacked jurisdiction over claims that CIA subjected plaintiff to "voice to skull technology" as a "mind control weapon").

### IV.   CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be dismissed, without leave to amend. Although this is Plaintiff's first complaint, it is clear from the face of the complaint that it is frivolous.[1]

Accordingly, based on the foregoing, IT IS RECOMMENDED that:

1. Plaintiff's complaint be dismissed, without leave to amend; and
2. The Clerk of the Court be instructed to close the case.

These findings and recommendation will be submitted to the United States district judge

---

[1] If Plaintiff believes that she can cure this deficiency in an amended complaint, she may file objections to these Findings and Recommendation explaining how she would amend her complaint to state a cognizable claim.

4

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). **Within twenty-one (21) days after being served** with these findings and recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, Clerk of the Court is DIRECTED to assign a district judge to this case.

IT IS SO ORDERED.

Dated: __**June 11, 2025**__                    /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE